NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued May 26, 2016
Decided August 02, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3162

| | |
|---|---|
| JEREMY BROWN,<br>  *Plaintiff,*<br><br>  *v.*<br><br>THOMAS J. DART, Sheriff, in his<br>official capacity, et al.,<br>  *Defendants-Appellees.* | Appeal from the United States District<br>Court for the Northern District of<br>Illinois, Eastern Division.<br><br>No. 14-cv-00175<br><br>John J. Tharp, Jr.,<br>*Judge.* |

APPEAL OF: Jacqueline Brown,
  *Third-Party Petitioner.*

## O R D E R

  Plaintiff Jeremy Brown, a correctional officer, filed a civil rights lawsuit against his employers, the Sheriff of Cook County and Cook County, Illinois, over adverse employment actions that he alleges were based on race. Defendants answered that the actions were taken as a result of a domestic battery that Jeremy committed against his wife, Jacqueline Brown. Jacqueline appeals the order compelling her deposition testimony about the incident. Because Jacqueline is a non-party to Jeremy's lawsuit and

she is appealing an order compelling her testimony, we may consider her appeal under the collateral order doctrine. *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1125 (7th Cir. 1997). For the following reasons, we affirm the district court's order denying her motion to quash the deposition subpoena.

## I. Background

Both Jeremy and Jacqueline are correctional officers employed by the Sheriff of Cook County. On March 1, 2012, Jeremy allegedly choked Jacqueline, headbutted her, broke her nose, and then fled the scene. Jacqueline reported the incident to Chicago police officers, who investigated and filed a report that Jacqueline was the victim of a domestic battery by her husband. Jacqueline, however, refused to file a complaint, refused a protective order, and refused to acknowledge that she was a victim of domestic violence. Jeremy was neither arrested nor charged.

The police reported the incident to the Cook County Sheriff's Office of Professional Review (OPR). The Sheriff's Office de-deputized Jeremy, placed him on leave, ordered him to complete a fitness-for-duty examination, opened an OPR investigation, and reassigned him to a different division when he returned to work. Jacqueline told the OPR investigators that it had all been a big misunderstanding.

Jeremy filed a civil rights lawsuit under 42 U.S.C. §§ 1981 and 1983 against the Sheriff and Cook County, claiming that the adverse employment actions were racially motivated. During discovery, defendants subpoenaed Jacqueline to testify about the alleged domestic violence incident. She moved to quash the subpoena on the grounds that her testimony was protected by the adverse spousal testimonial privilege. The magistrate judge to whom discovery was referred denied her motion to quash. Jacqueline objected to the ruling, and the district court overruled her objection. She appeals.

## II. Discussion

We review de novo the purely legal question of a privilege's scope. *United States v. BDO Seidman, LLP*, 492 F.3d 806, 814 (7th Cir. 2007). We review all findings of fact and the application of the law to those facts in connection with a district court's ruling on a claim of privilege for clear error. *Id*.

"There are two distinct marital evidentiary privileges under federal law: [1] the marital communications privilege and [2] the adverse spousal testimonial privilege." *United States v. Brock*, 724 F.3d 817, 820 (7th Cir. 2013). The more commonly known marital communications privilege is available in civil and criminal cases and either spouse can invoke the privilege, but it applies only to communications made in confidence. *Id*. It is akin to the priest-penitent or doctor-patient privilege. This case is not about the marital communications privilege. Instead, this case is about the adverse spousal testimonial privilege.

The adverse spousal testimonial privilege may be available in criminal cases when a spouse's testimony would be adverse to the non-testifying party spouse. The justification for the privilege is that it protects marital harmony, which is a good not only for the husband, wife, and children, but for society as well. *Hawkins v. United States*, 358 U.S. 74, 77 (1958). It used to be that the privilege could be invoked by either spouse, so that the non-testifying spouse could block the voluntary testimony of the other. *Id*. at 78–79. In *Wyatt v. United States*, 362 U.S. 525 (1960), the Supreme Court announced an exception to the privilege for cases in which one spouse has committed a crime against the other. Now, the victim spouse cannot be prevented from testifying, and can even be compelled. *Id*. at 527–30. The Supreme Court further limited the privilege in *Trammel v. United States*, 445 U.S. 40 (1980), so that now only the testifying spouse can invoke the privilege. *Id*. at 53.

The district court declined to extend the privilege to Jacqueline for several reasons, the primary reason being that the privilege is limited to criminal cases because it applies only "where life or liberty is at stake." *Hawkins*, 358 U.S. at 77. Jacqueline argues that this was legal error and frames the issue of whether the privilege is limited to criminal cases as one of first impression. She argues that the Seventh Circuit has not made a "square holding" on the issue. There is some truth to her contention that we have yet to hold definitively that the privilege is limited to criminal cases, but it does not help her because "it is not necessary to fully defend the civil-criminal distinction in order to reject the marital privilege" in a civil case. *Ryan v. C.I.R.*, 568 F.2d 531, 544 (7th Cir. 1977). For we have held that even if the privilege were available in civil cases, "the privilege should be limited to instances in which it makes the most sense, where a spouse who is neither a victim nor a participant observes evidence of the other spouse's crime." *Id*. (adhering to *United States v. Van Drunen*, 501 F.2d 1393, 1397 (7th Cir. 1974)).

Here, Jacqueline is the victim of her husband's alleged domestic battery, so the privilege is unavailable. In fact, the district court relied on this point as an alternative

basis for denying Jacqueline the privilege: "according to the officers who responded to the March 2012 domestic dispute, it appears that Mrs. Brown was the victim of plaintiff's alleged conduct. Hence, the privilege would likely be unavailable to her in any event, notwithstanding the existence of a distinction between civil and criminal cases." Dist. Ct. Order at 4 (Sept. 16, 2015).

### III. Conclusion

Accordingly, we **AFFIRM** the district court's denial of Jacqueline Brown's Motion to Quash Deposition Subpoena.